**PEARSON–BERKE, INC. etc.,**
**Respondent,**

v.

**Kenneth K. McINTOSH, Appellant.**

**No. C8–83–603.**

Supreme Court of Minnesota.

June 22, 1984.

Rodney J. Mason, St. Paul, for appellant.

John L. Prueter, Minneapolis, for respondent.

SIMONETT, Justice.

This is an appeal from a judgment awarding plaintiff-respondent recovery of its downpayment, less credits, under a rescinded sales agreement. We affirm plaintiff's right to recover but direct revisions in the sums recovered.

In October 1975, defendant-appellant Kenneth K. McIntosh entered into an agreement to sell his insurance agency business to Protection Center, Inc. Pursuant to this agreement, Protection Center, Inc., paid defendant McIntosh a $15,000 downpayment. The business arrangement did not prosper. Each party claimed the other breached the agreement, and in January 1976, defendant McIntosh took back his insurance agency but refused to return the $15,000 downpayment. In 1977, plaintiff-respondent Pearson-Berke, Inc., claiming to be the successor in interest of Protection Center, Inc.'s contract rights, started this lawsuit, alleging rescission of the sale agreement and seeking return of the $15,-000.

Following a bench trial, the trial court ruled that plaintiff was entitled to recover from defendant $4,822.50, plus 8% interest from December 31, 1976. Defendant McIntosh appeals from the judgment. Plaintiff-respondent Pearson-Berke, Inc., filed a notice of review claiming its damages were miscalculated.

The trial court found that the contract rights of Protection Center, Inc., had been transferred to plaintiff by a series of assignments, and that Pearson-Berke, Inc., was the proper party plaintiff. This finding of fact is not clearly erroneous and is affirmed.

We agree with plaintiff-respondent that its damages were miscalculated. The trial court found that in February 1976 the parties resolved their dispute, agreeing that defendant McIntosh would keep his business and pay back the $15,000 by "agreeing to refer business to Protection Center, Inc., that would generate commissions in an amount that, multiplied by two and one-half times, would equal $15,000." The trial court found that commissions totaling

$4,071 were transferred and multiplied this figure by 2.5, thereby arriving at a figure of $10,177.50 to be credited against the $15,000 obligation of McIntosh. Plaintiff claims the trial court should have used a multiplier of 2. We agree. McIntosh testified he agreed to a multiplier of 2 at the time they resolved their differences. Apparently the trial court took the 2.5 multiplier from the original sales contract, where it had been used as the rate for valuation of McIntosh's business under the contract. That contract, however, was rescinded. The rate used in the settlement agreement controls. Multiplying $4,071 by 2 gives $8,142 as the credit, thus entitling plaintiff to recover $6,858.

■■ The trial court awarded prejudgment interest from December 31, 1976. Contrary to defendant McIntosh's claim, the trial court correctly allowed prejudgment interest. It was not seriously disputed that the amount owed by McIntosh was $15,000. Aside from plaintiff's right to sue as an assignee, the dispute over the amount related basically to the multiplier to be applied in determining the credit. Here the claim, though disputed, was liquidated in the sense that the debtor "could have determined the amount of [his] potential liability from a generally recognized objective standard of measurement." *ICC Leasing Corp. v. Midwestern Machinery Co.*, 257 N.W.2d 551, 556 (Minn.1977). The fact that McIntosh claimed an offset, the size of which was disputed, against the $15,000 did not prevent him from calculating his *potential* liability. Prejudgment interest should run from November 30, 1976, when McIntosh concedes plaintiff's principals made a demand for full payment. We agree, however, with defendant McIntosh that the interest rate should be 6%, not 8% as set by the trial court. Under Minn.Stat. § 334.01, subd. 1 (1982), the legal rate of interest on any legal indebtedness is 6% "unless a different rate is contracted for in writing." No interest rate was contracted for when the parties settled their dispute in February 1976. The inter-

est rate in the original, rescinded contract is irrelevant.

Reversed in part and remanded for entry of judgment in accordance with this opinion.